IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED FEB 29 2012
WILLIAM T. GUTHRIE
Clerk U.S. District Court
By_____ Deputy Clerk

JACOB BARRETT,

    Plaintiff,

v.

RANDY WORKMAN, et al.,

    Defendants,

No. CIV 11-423-RAW-SPS

## OPINION AND ORDER

Plaintiff has filed a motion to reconsider the denial of his motion for leave to proceed *in forma pauperis*, claiming, among other things, that he has not accrued three strikes under 28 U.S.C. § 1915(g). He concedes that *Barrett v. Cook*, No. Civ. 02-515-TC (D. Or. May 10, 2002), counts as a strike, but asserts none of his other cases cited in the court's order should have been considered strikes. The court disagrees.

Plaintiff claims the dismissal in *Barrett v. Belleque*, No. Civ. 06-876-JE (D. Or. Sept. 4, 2007), may have been part of a "global settlement," so it should not have been considered a strike. He also contends the case should not be counted as a strike, because it was not frivolous or malicious, and it did not fail to state a claim. The court has reviewed the record in Case No. Civ. 06-876-JE, and there is no indication of a "global settlement" that somehow would affect the characterization of this case under § 1915(g). The case was dismissed because plaintiff had failed to state a constitutional claim upon which relief could be granted, so this court was correct in counting this dismissal as a strike.

*Barrett v. Williams*, Civ. No. 06-1045-JE (D. Or. Aug. 2, 2007), was dismissed because all of plaintiff's § 1983 claims failed as a matter of law. The court finds this dismissal also counts as a strike for failure to state a claim upon which relief could be granted.

Plaintiff argues that although *Barrett v. Belleque*, Civ. No. 05-1774-CO (D. Or. Feb. 28, 2006), was dismissed as frivolous and for failure to state a claim, it should not count as

a strike, because the court did not let him appeal the dismissal. A review of the docket sheet for the case shows that on April 27, 2006, the district court found the appeal was not taken in good faith, and the Ninth Circuit Court of Appeals dismissed the appeal for plaintiff's failure to pay the filing fees. *See Barrett v. Belleque*, No. 06-35314 (9th Cir. Aug. 29, 2006). Plaintiff further claims that the Ninth Circuit subsequently changed the law on which this case was decided, and he currently has raised a challenge to Case No. 05-1774-CO in another case before the Ninth Circuit. Therefore, he argues the dismissal by the Oregon District Court should not be considered a strike. Plaintiff, however, cites no authority for his theory that the result in a subsequent lawsuit could change the characterization of the previous lawsuit with regard to 28 U.S.C. § 1915(g).

Plaintiff next claims he is in imminent danger of serious physical injury, because he filed a state lawsuit in the Oregon Circuit Court against the defendants in this case, alleging OSP officials had member of the Universal Aryan Brotherhood injure him with a razor blade. Plaintiff is claiming his past injury qualifies for the exception to that the three-strikes provision of § 1915(g), even though he no longer is incarcerated in Oklahoma. He also argues he should be exempted from the three-strikes rule, because this case now before the court involves issues that are related to his Oregon Circuit Court case in which he allegedly was injured. These arguments are meritless.

Finally, plaintiff alleges the three-strikes provision does not apply to this case, because he has raised state-law claims under the Oregon Tort Claims Act. A plain reading of the statute shows the statute applies when a prisoner brings "a civil action or appeal [of] a judgment in a civil action or proceeding." 28 U.S.C. § 1915(g). There is no exception for lawsuits that include state-law claims.

**ACCORDINGLY,** plaintiff's motion to reconsider the denial of his motion for leave to proceed in forma pauperis (Docket No. 6) is DENIED. Failure to pay the entire $350.00 filing fee within twenty (20) days will result in dismissal of this action.

IT IS SO ORDERED this 29th day of February 2012.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE